IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNELL REGINALD WIDEMAN, #A0180563, | ) ) ) | CIV. NO.20-00162 LEK-KJM |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT AND DENYING PRELIMINARY INJUNCTION |
| vs. | ) ) | |
| DAVID IGE, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER DISMISSING COMPLAINT
## AND DENYING PRELIMINARY INJUNCTION

Pro Se Plaintiff Lonnell Reginald Wideman, a Hawaii state prisoner incarcerated at the Oahu Community Correctional Center ("OCCC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Hawaii State Tort Liability Act, Hawaii Revised Statutes ("HRS") §§ 661-1 et seq. Wideman alleges that Defendants,[1] past and present Hawaii Governors, Hawaii Paroling Authority ("HPA") officials, Department of Public Safety ("DPS") officials, the Honolulu Police Department ("HPD") and one

_____

[1] Wideman names: Governor David Ige, former Governor Neil Abercrombie; DPS Director Nolan Espinda, former Director Ted Sakai; DPD Phyllis Hironaka; HPA board members Edmund Hyun, Fituina Tua, Max Otani, Clayton H.W. Hee, Cheryl E. Inouye, former members Bert Masuoka, Joyce Hoshijo, and Michael Town; HPA Officers David Fujishiro, Kevin Rego and Administrator Tommy Johnson; Saguaro Correctional Center ("SCCC") Warden Todd Thomas; the HPD and Officer Charles Sizemore, CoreCivic; the Honolulu Star Advertiser, and broadcast stations KHON 2, KITV 4, KFVE 5, KHNL 8, KGMB 9 (collectively, "Defendants").

officer, a Deputy Public Defender ("DPD"), and various Honolulu news media violated his constitutional rights and state tort law in 2012 when they allegedly conspired to improperly charge him with parole violations, denied him due process, revoked his parole, extended his term of sentence, and published his criminal history.

For the following reasons, Wideman's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2).  Because amendment is futile, this dismissal is with prejudice.

## I. BACKGROUND

Wideman provides no specific  facts to support his claims, beyond listing Defendants' past and present positions with the state, the City and County of Honolulu, and within the media.

Wideman, however, has raised these identical claims in two previous federal actions, one seeking habeas relief and the second seeking damages for alleged civil rights violations.  *See Wideman v. Thomas*, No. 1:14-cv-00073 DKW-RLP (D. Haw. 2014) (denying habeas petition re: revocation of petitioner's parole in 2012), *aff'd*, App. No. 14-16798 (9th Cir. Feb. 6, 2015) (denying certificate of appealability); *Wideman v. Abercrombie*, No. 1:13-cv-00081 SOM-BMK (D. Haw. 2013) (dismissing civil rights complaint as barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994)).  These cases provide background for Wideman's

2

current claims.[2]

**A.**   *Wideman v. Abercrombie*, **No. 1:13-cv-00081**

Here, Wideman claimed that Defendants Abercrombie, Sakai, Hironaka, Town, Fujishiro, Hoshijo, Johnson, Masuoka, Rego and Sizemore denied him due process when they allegedly arrested him on false parole violations; denied him a preliminary hearing and due process at his revocation hearing; revoked his parole; extended his sentence for an additional seven years; and allowed his criminal history to be published.[3] *See generally*, Compl., ECF No. 1 at #1-2; Order, ECF No. 5 at #34.

Specifically, Wideman alleged that Fujishiro issued a parole retake warrant for Wideman's arrest in May 2012 for his failure to report three contacts with law enforcement.  Compl., ECF No. 1 at #5-6.  Officer Sizemore arrested Widemen, HPA members Masuoka, Town, and Hoshijo presided at Wideman's parole revocation hearing, DPD Hironaka represented him, Rego prosecuted the charges, and Fujishiro testified.  *Id.* at #5-7.  Wideman was found guilty of violating the conditions of parole and his parole

---

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, Inc., 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201(b).

[3] Wideman also alleged that he was attacked by an unidentified inmate at the Halawa Correctional Facility before his transfer to SCC.

was revoked in July 2012.  Wideman transferred to SCC in Arizona in January 2013 and commenced this action one month later.

U.S. District Judge Susan Oki Mollway held that Wideman's claims were barred from review under *Heck v. Humphrey*, 512 U.S. at 486-87, because success on those claims would call into question the legality of his parole revocation and incarceration. Because Wideman was still incarcerated, and was concurrently challenging his parole revocation in the state court, it was clear that his parole revocation had not been reversed, declared invalid, or expunged.  *See id.*  Judge Mollway dismissed No. 1:13-cv-00081 without prejudice to Wideman reasserting these claims after he secured habeas relief in state or federal court.[4]  ECF No. 5 at #38.

**B.   *Wideman v. Thomas*, No. 1:14-cv-00073**

A year later, on February 10, 2014, Wideman filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his parole in May 2012.  *See id.*, Pet., ECF No. 1.  Respondent filed an Answer and Wideman submitted a Reply.  ECF Nos. 10, 11.

The state court record revealed that Wideman was sentenced to life with the possibility of parole in February 1988, in the

---

[4] Judge Mollway dismissed Wideman's claims against DPD Hironaka, who was not acting under color of state law as Wideman's counsel and dismissed his failure to protect claim because he failed to link this claim to any Defendant. *See* No. 1:13-cv-00081, ECF No. 5 at #41.  Wideman did not appeal.

Circuit Court of the First Circuit, State of Hawaii ("circuit court").  *See* ECF No. 10 at #72-74; *see also State v. Wideman*, 69 Haw. 268, 739 P.2d 931 (1987).  The HPA paroled Wideman in 1997, but revoked parole in 2007 for the balance of his maximum life sentence.  *Id.* at #97.  In January 2010, the HPA again granted Wideman parole.  *Id.* at #99-105.  As a condition of parole, Wideman was required to report *any* contact with law enforcement, regardless of whether that contact led to arrest.  *Id.* at #101.

On May 18, 2012, the HPA issued a parole retake warrant and Wideman was arrested.  *Id.* at #93.  Wideman received a Notice of Right to Pre-Revocation Hearing, informing him of the charges. *Id.* at #107-08.  That is, that he had failed to notify his parole officer of having contact with law enforcement on three separate occasions.  *Id.* at #107.  Wideman signed the notice and waived his right to a pre-revocation hearing.  *Id.* at #108.  On July 16, 2012, the HPA held Wideman's parole revocation hearing; DPD Hironaka represented him.  *Id.* at #124.  The next day, the HPA found Wideman guilty of violating the conditions of parole, revoked his parole for the balance of his maximum life sentence, and scheduled his next parole consideration hearing for May 2019.[5]  *Id.* at #119.

---

[5] Based on this, Wideman has repeatedly and incorrectly alleged that the HPA increased his life sentence by seven years.

On August 30, 2012, Wideman filed a Hawaii Rules of Penal Procedure ("HRPP") Rule 40 petition in the circuit court.  *Id.* at #127-144.  Wideman claimed that the revocation of his parole was illegal because he was denied HPA records, effective assistance of counsel and due process during the proceedings, and was given an illegal seven-year parole "sentence."  *Id.* at #128-29.  On January 14, 2013, the circuit court denied Wideman's Petition, as "patently frivolous" and "without merit."  *Id.* at #205-07.

Wideman filed two appeals to the Intermediate Court of Appeals ("ICA"), which were consolidated.  *Id.* at #227-29.  On October 23, 2013, the ICA affirmed by summary disposition order, finding that Wideman violated the conditions of his parole, the revocation proceedings complied with due process, his counsel was not ineffective, and his original sentence had not been increased.  *Id.* at #301-02.

On June 5, 2014, U.S. Magistrate Richard Judge Puglisi found that Wideman's federal habeas petition was without merit, recommended that it be denied in its entirety, and that a certificate of appealability be denied.  *See* Findings and Recommendation, ECF No. 12.  On September 5, 2014, U.S. District Judge Derrick K. Watson adopted the Findings and Recommendation over Wideman's objections, and denied a certificate of appealability.  Order, ECF No. 19.  On February 6, 2015, the Ninth Circuit Court of Appeals denied a certificate of

appealability.  ECF No. 26.

## C.    **Present Claims**

Wideman now alleges that past and *present* Hawaii governors,
HPA, HPD, and DPS officials, as well as SCC and CoreCivic[6] prison
officials illegally (1) charged and arrested him for violating a
condition of parole; (2) denied him due process by failing to
hold a pre-revocation hearing and withholding evidence at his
revocation hearing; (3) revoked his parole, extended his
sentence, and re-incarcerated him.  *See* Compl., ECF No. 1 at #1-
24.  He alleges again that DPD Hironaka provided him ineffective
assistance of counsel, and that Honolulu news media illegally
published his criminal history at the behest of state officials.

Wideman names Defendants in their official and individual
capacities and alleges they violated his federal and state
constitutional rights and state law by revoking his parole in
2012.  He seeks damages and a preliminary injunction for
immediate release from custody at OCCC.  *See id.; see also* Mot.,
ECF No. 2.

## II. <u>LEGAL STANDARD</u>

The district court must screen all civil actions brought by
prisoners that relate to prison conditions and/or seek redress

---

[6] CoreCivic is a private corporation that provides detention
and correctional facilities to local, state, and federal
governments, including SCC, where Wideman was held in Arizona.
https://www.corecivic.com.

from a governmental entity, officer, or employee of a
governmental entity.  28 U.S.C. § 1915A(a).  The court must
dismiss a complaint or portion thereof if its claims are legally
frivolous or malicious, fail to state a claim on which relief may
be granted, or seek monetary relief from a defendant who is
immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C.
§ 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if
it (1) lacks a cognizable legal theory; or (2) contains
insufficient facts under a cognizable legal theory.  *Balistreri
v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To
state a claim, a pleading must contain a "short and plain
statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand
detailed factual allegations, "it demands more than an unadorned,
the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  *Id*.

The court must construe a *pro se* complaint liberally, accept
all allegations of material fact as true, and construe those
facts in the light most favorable to the Wideman.  *See Erickson
v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d
1202, 1205 (9th Cir. 2010) (stating that "we continue to construe

8

pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.   DISCUSSION

"To sustain an action under section 1983, Wideman must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the Wideman of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.   Release is not Available Under § 1983

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge that could entitle him to earlier release, his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). To the extent that Wideman seeks release based on the revocation of his parole, such relief is unavailable under § 1983.

Wideman, however, cannot bring these claims in another federal habeas petition until he applies for and receives authorization from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244 (b)(3)(A). Wideman's failure to obtain such

authorization deprives this Court of subject matter jurisdiction over his claims seeking release. *See* 28 U.S.C. § 2244(a); *see also*, *Magwood v. Patterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). These claim also appear barred from review under HRPP 40(a)(3), which is inapplicable "where the issues sought to be raised have been previously ruled upon or were waived." Accordingly, Wideman's claims for release from custody are DISMISSED.

**B.**   **Heck v. Humphrey**

As Wideman was informed in No. 1:13-cv-00081, under *Heck*:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87; 28 U.S.C. § 2254. Thus, a prisoner may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution and conspiracy to bring false charges claims were *Heck*-barred); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding false arrest and imprisonment claims were *Heck*-barred until conviction is invalidated). Such claims

"necessarily imply" the invalidity of a conviction. *See*, *e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (finding that pretrial detainee's claim that he was denied access to a telephone to call his attorney was *Heck*-barred).

Success on Wideman's claims here would call into question the validity of his parole revocation. Clearly, Wideman's 2012 parole revocation has not been reversed, expunged, declared invalid, or otherwise set aside. Wideman's Complaint, regardless of the relief sought, is DISMISSED as *Heck*-barred.

**C.   Wideman's State and Federal Claims are Time-barred**

A failure to comply with the applicable statute of limitations may be grounds for dismissal on screening, if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

**1.   *Section 1983 Claims***

Because § 1983 does not contain its own statute of limitation, the Court applies Hawaii's two-year statute of limitation for personal injury actions to Wideman's federal claims. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (holding federal courts apply the forum state's statute of limitation and state laws for personal injury actions and tolling, to the extent they are consistent

11

with federal law); *see also Pele Defense Fund v. Paty*, 73 Haw
578, 597-98 (1992) (discussing HRS § 657-7, Hawaii's two-year
"general personal injury" provision).

While state law determines the statute of limitation for
§ 1983 claims, "'federal law determines when a civil rights claim
accrues.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)
(quoting *Morales v. City of L.A.*, 214 F.3d 1151, 1153-54 (9th
Cir. 2000) ).  Under federal law, "a claim accrues when the
plaintiff knows or should know of the injury that is the basis of
the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109
(9th Cir. 2009).  Wideman's federal claims accrued no later than
February 6, 2015, when the Ninth Circuit Court of Appeals denied
a certificate of appealability in App. No. 1:14-cv-00073.

Although HRS § 657-13 tolls the limitation period for
prisoners who are incarcerated for a term less than life, Wideman
was sentenced to a life term, thus, it does not operate to toll
his claims.  A court may equitably toll the statute of limitation
"to prevent the unjust technical forfeiture of causes of action,
where the defendant would suffer no prejudice." *Jones v. Blanas*,
393 F.3d 918, 928 (9th Cir. 2004).  Equitable tolling is
appropriate in § 1983 cases where there is "timely notice, [lack]
of prejudice to the defendant, and reasonable and good faith
conduct on the part of the plaintiff." *Donoghue v. Orange Cty.*,
848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union*

*Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983) ).

Defendants here will suffer prejudice, because they have already successfully defended against Wideman's claims through appeal in both the state and federal courts. Nor can the Court conclude that Wideman's decision to raise these claims again, in light of the multiple state and federal decisions explaining that these claims are without merit, is reasonable or done in good faith. Wideman's federal claims are time-barred on the face of the Complaint and nothing within it, or within the extensive record in No. 1:14-cv-00073, indicates that either statutory or equitable tolling applies.

### 2. *Wideman's State Law Claims*

Wideman also alleges tort claims against these state officials under HRS § 663-1. As with his federal claims, Wideman's state tort claims accrued when he knew or should have known of Defendants' alleged tortious actions. *See Kaho'ohanohano v. State*, 117 Hawai'i 262, 315, 178 P.3d 538, 591 (2008); *see also Wiesenberg v. Univ. of Hawai'i*, 144 Hawai'i 378, 442 P.3d 441 (Haw. Ct. App. 2019). Thus, these claims accrued under Hawaii law no later than July 2012, when Wideman's parole was revoked.

Wideman's state tort claims are governed by the two-year statute of limitation set forth in Haw. Rev. Stat. § 662-4,[7] which contains *no* provisions for tolling the limitation period, equitable or otherwise. *See Whittington v. State*, 72 Haw. 77, 806 P.2d 957 (1991) (holding HRS § 657-13 does not apply to claims brought under the State Tort Liability Act, and that equitable estoppel cannot be used to toll a claim under § 662-4); *see also Wiesenberg*, 144 Hawai`i at*8.

Accordingly, because it is clear from the face of the Complaint that Wideman's state and federal claims are time-barred, and he is not entitled to equitable or statutory tolling, the Complaint is DISMISSED.

## D.   **Claims against DPD Hironaka Remain Dismissed With Prejudice**

Defendant Hironaka, as Wideman's public defender, was not acting under color of state law when she represented him at his parole revocation hearing, she is not subject to suit under § 1983. *See Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981) (stating that public defenders do not act under color of state law when performing traditional functions as counsel while representing criminal defendants).   Claims against Hironaka

---

[7] HRS § 662-4 provides:

A tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657-7.3 shall apply.

remain DISMISSED with prejudice.

**E.   HPA Members' Absolute Quasi-judicial Immunity**

Past and present HPA Board Members Defendants Hyun, Tua, Otani, Hee, Inouye, Masuoka, Hoshijo, and Town are absolutely immune from § 1983 damages claims for decisions granting, denying, or revoking parole. *See Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991) ("Although a section 1983 action may be maintained against officials acting in their individual capacities, parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications."). "[P]arole board officials of the BPH are entitled to absolute quasi-judicial immunity for decisions `to grant, deny, or revoke parole' because these tasks are `functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)). This immunity extends not only to actions "taken when processing parole applications," *see Bermudez*, 936 F.2d at 1066, but also "to parole officials['] . . . `imposition of parole conditions' and . . . `execution of parole revocation procedures[.]'" *Swift*, 384 F.3d at 1189 (quoting *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983)), *overruled on other grounds as recognized in Swift*, 384 F.3d at 1190).

15

Thus, Wideman's claims against past and present HPA board members regarding the revocation of his parole in 2012 are barred.  *See Swift*, 384 F.3d at 1189 (distinguishing between "quasi-judicial" actions that relate to the decision to grant, deny, or revoke parole, for which parole officials have absolute immunity, and other actions like reporting parole violations, for which officials have only qualified immunity); *Gay v. Parsons*, No. 16-cv-5998-CRB, 2019 WL 3387954, at *5 (N.D. Cal. July 26, 2019) (stating that the exercise of discretion in granting or denying parole is akin to the role of a judge, and therefore parole officials are absolutely immune when they exercise that discretion).

## F.   First Amendment Claims

Wideman alleges that the Honolulu Star Advertiser and Honolulu broadcast stations KHON 2, KITV 4, KFVE 5, KHNL 8, and KGMB 9 violated his rights under the First Amendment when they reported on his conviction revocation of his parole in 2012.

First, the Supreme Court has unequivocally held that the First Amendment guarantees of freedom of speech and freedom of the press, "standing alone," guarantee access to criminal trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 577 (1980). That access includes protection of the public's right of access to information, and in particular, to unsealed court records. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir.

2020) (discussing the public's right of access to newly filed, non-confidential civil complaints before judicial proceedings have begun) ("*Planet II*").   "The news media's right of access to judicial proceedings is essential not only to its own free expression, but also to the public's." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) ("*Planet I*").   "With respect to judicial proceedings in particular, the function of the press serves . . . to bring to bear the beneficial effects of public scrutiny upon the administration of justice." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975).   Thus, "every circuit to consider the issue has uniformly concluded that the right [of access to court records] applies to both civil and criminal proceedings." *Planet II,* 947 F.3d at 590, and n.3 (*citing Dhiab v. Trump*, 852 F.3d 1087, 1099,(D.C. Cir. 2017) (collecting cases) (further citations omitted).

Second, Wideman does not explain how the publication of information relating to the revocation of his parole, or even more broadly, of his criminal history, caused him harm, as required to state a constitutional or state law tort claim.   That is, Wideman fails to show that HPA Defendants' decision to revoke his parole was influenced by the publication of the underlying facts of his conviction or alleged parole violation, information that they already possessed.

17

Third, Wideman's criminal history, including his 1988 conviction, 2012 re-incarceration, and challenges to the revocation of parole are matters of public record that are readily available to the public, regardless of whether the news media also publicized them.  *See* https://www.courts.state.hi.us. (follow "eCourt Kokua"; then follow "Party Search" for Case ID 1PC850001261, CAAP-13-0000065, and 1CC191001575) (last visited April 29, 2020).

Wideman fails to state a First Amendment violation and these claims are DISMISSED with prejudice.

## IV.   28 U.S.C. § 1915(g)

Wideman is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

//

//

//

18

//

//

//

## V.   CONCLUSION

The Complaint is DISMISSED in its entirety, for Wideman's failure to state a claim under federal or state law, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Because it is clear that amendment is futile, this Dismissal is WITH PREJUDICE.

Wideman's Motion for Preliminary Injunction, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 18, 2020.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Wideman v. Ige, et al.*, 1:20-cv-00162 LEK/KJM; Scrn'g '20 (dsm ftsc Heck)

19