IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNELL REGINALD WIDEMAN, #A0180563, | ) ) ) | CIV. NO.20-00162 LEK-KJM |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| DAVID IGE, et al., | ) ) | |
| Defendants. | ) ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

On May 18, 2020, the Court dismissed this action with prejudice because Plaintiff's claims were barred by the doctrines of res judicata and *Heck v. Humphrey*, 512 U.S. 477 (1994), were time-barred under state and federal law, and failed to state a plausible claim for relief. *See* Order, ECF No. 8 (Order Dismissing Complaint and Denying Preliminary Injunction).

On May 27, 2020, Plaintiff filed the present Motion for Reconsideration to Dismiss Complaint Without Prejudice. ECF No. 10. Plaintiff's Motion states in its entirety:

> On 5/18/2020 this court entered judgment Dismissing Complaint and Denying Preliminary Injunction. [A] prisoner may not challenge his custody under § 1983, whether he seeks monetary damages or injunctive release, until that term of custody has been set aside. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006).[1] Fore [sic] the foregoing reasons plaintiff moves this court to reconsider and dismiss plaintiff's complaint without prejudice.

---

[1] Quoting from the May 18, 2020 Order. ECF No. 8 at #55.

*Id.* at #67.

## II. LEGAL STANDARD

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff apparently seeks relief under subsection (6).  *See* Mot., ECF No. 10.

Mere disagreement with a court's analysis is an insufficient basis for relief pursuant to Fed. R. Civ. P. 60(b).  *Sierra Club v. City and Cty. of Honolulu*, 486 F. Supp.2d 1185, 1188 (D. Haw. 2007) (citing *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp.2d 1253, 1269 (D. Haw. 2005)).  The decision to grant relief pursuant

to Rule 60(b) is committed to the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III. <u>DISCUSSION</u>

The Court dismissed Plaintiff's action *with* prejudice because, after a careful review of the complete record in this case and his previous federal suits, it was clear that (1) Plaintiff unsuccessfully raised the same claims against the same defendants twice before,[2] (2) Plaintiff remains incarcerated on the conviction he challenges and his claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff's claims are time-barred and Plaintiff is not entitled to equitable tolling; (4) Plaintiff's cannot state a colorable claim under § 1983 against his public defender; (5) Plaintiff's claims challenging Hawaii Paroling Authority Board Members' decisions to revoke his parole are barred by the Board Members' absolutely immunity; and (6) Plaintiff cannot state a First Amendment claim against the Honolulu news media for publishing his criminal history.

Although the Court would normally dismiss claims that are *Heck*-barred without prejudice, because it is abundantly clear that

---

[2] *See Wideman v. Abercrombie*, No. 1:13-cv-00081 (D. Haw. 2013) (holding § 1983 claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994; *Wideman v. Thomas*, No. 1:14-cv-00073 (D. Haw. 2014) (dismissing habeas claims as wholly without merit).

Plaintiff's claims are otherwise barred by res judicata, untimely, and fail to state any plausible claim for relief, the Court concluded that granting leave to amend is futile and dismissal with prejudice was warranted.  Plaintiff provides nothing that persuades the Court that this decision is erroneous or that the interests of justice require dismissal without prejudice. Plaintiff's Motion for Reconsideration is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 28, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Wideman v. Ige, et al.*, 1:20-cv-00162 LEK/KJM; Scrn'g '20 (dsm ftsc Heck)